**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30123 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00060-HA-6 |
| v. | |
| KINGSLEY IYARE OSEMWENGIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted May 14, 2014[**]
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.[***]

Kingsley Osemwengie appeals from the district court's judgment and its

210-month sentence. We have jurisdiction under 28 U.S .C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Osemwengie contends that the district court erred by (i) accepting the Presentence Investigation Report's base offense level of 34; (ii) counting two prior convictions as separate convictions in calculating his Criminal History Category; and (iii) failing to adequately explain the sentence, which Osemwengie also claims was unreasonable. We review each of these arguments for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.

First, both the parties and the PSR agreed that Osemwengie's base offense level was 34, and thus the district court did not err, much less plainly err, when it adopted that level. Second, the PSR was correct to conclude that Osemwengie's second prior conviction counted as an "intervening arrest" for purposes of Section 4A1.2(a)(2) of the Sentencing Guidelines, and thus the district court did not err, much less plainly err, when it adopted that finding. Finally, the record as a whole demonstrates that the district court adequately considered Osemwengie's mitigating arguments and the sentencing factors enumerated in 18 U.S.C. § 3553(a) and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Nor was the district court's sentence, which reflected a downward variance based on Section 3553(a) and was at the bottom of the Guidelines range, an abuse of discretion. *See Gall v. United States*, 552 U.S.

38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances, including Osemwengie's criminal history. *See id.*

**AFFIRMED**.